IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIMBERLY R. MEEKS, | | CASE NO. _____ |
| | ) | |
| PLAINTIFF | | **COMPLAINT** |
| | | **AND** |
| VS. | ) | **DEMAND FOR JURY TRIAL** |
| | | |
| JAMES CADA AND | | |
| CREDIT WORLD SERVICES, INC., | ) | |
| AND | ) | |
| MIDLAND LUTHERAN COLLEGE, | | |
| | | |
| DEFENDANTS. | ) | |

)

)

)

)

)
)
)

COMES NOW, the Plaintiff, by and through her attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action

1

brought by an individual consumer for Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 et. seq., and pendent state claims. In support of her claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims on which the transactions took place happened in this Judicial District.

3. That Plaintiff is a resident of Omaha, Douglas County, Nebraska.

4. That Defendant James Cada, is a lawyer in Lincoln, Nebraska (hereinafter referred to as "Cada") is a debt collector collecting debts in this state and elsewhere.

5. Defendant Credit World Services, Inc., (hereinafter "Credit World") is a collection agency located in Mission, Kansas, and is a debt collector collecting debts in this state and elsewhere.

6. Defendant Midland Lutheran College (hereinafter "Midland") is the original creditor of the Plaintiff whose account is the subject of this lawsuit.

## FACTUAL BACKGROUND

7. That at all times relevant hereto, the Defendants were attempting to collect an alleged debt alleged to be in default by the Plaintiff for personal, family or household purposes.

8. Plaintiff was sued in the county court of Douglas County, Nebraska in a suit entitled, *Midland Lutheran College v. Kimberly R. Meeks,*" at case no. CI05-528.

9. Plaintiff and Defendant had an arrangement whereby Defendant allowed Plaintiff to make monthly payments on said account.

10. That at all times relevant hereto Plaintiff made payments on said agreement. However, in August of 2009, despite making her regular payment, Plaintiff received a garnishment pleading entitled "Summons and Order of Garnishment in Aid of Execution," the purpose of which was to garnish Plaintiff's bank account for allegedly failing to make her schedule payments.

11. When Plaintiff attempted to contact Defendant Cada regarding the fact that she did make a payment and asking him to withdraw the garnishment, Plaintiff discovered that Cada had no authority to resolve the garnishment as Defendant Credit World, who was the real party in interest as to said account.

12. Credit world was at no time disclosed on the pleadings or communications between the Plaintiff and the Defendants and the garnishment pleading identified only Midlands Credit as the Plaintiff. Defendants concealed that Credit World was the true owner/and/ or collector of said account.

## CAUSE OF ACTION NO. 1
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for her First Cause of Action against the Defendant, states and alleges as follows:

13. That the Plaintiff is a natural person and is a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (a)(3).

14. The Defendant James Cada is a Lincoln lawyer engaged in the business of collecting debts and who regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692 (a)(6).

15. That Credit World is a collection agency located in Mission, Kansas, which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be

3

due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692 (a)(6).

16. That Midlands Lutheran is the original creditor who is holding itself as the real party of interest as to the account, which is the subject of this case.

17. That at all times relevant hereto the Defendants were attempting to collect an alleged debt alleged to be in default by the Plaintiff for personal, family or household purposes.

18. That during the course of attempting to collect the alleged debt, Defendants:

   a) made false or misleading statements in connection with the attempted collection of said debt in violation of 15 U.S.C. §1692e;

   b) made false misrepresentation of the character, amount, and legal status of the debt;

   c) attempted to collect an amount, including interest fees charged or expenses incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f;

   d) the use of false representations or deceptive means to collect or attempt to collect any debt;

   e) Furnished, designed or complied a form, knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt a consumer allegedly owes to the creditor, when in fact such person is not so participating in violation of 15 U.S.C. §1692j.

19. That, as a direct and proximate result of these acts, Plaintiff suffered actual damages, and other damages.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages, actual damages, and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

### CAUSE OF ACTION NO. 2
### NEBRASKA CONSUMER PROTECTION ACT

20.  Plaintiff repeats and incorporates the foregoing allegations contained above as if fully set forth herein.

21. That these violations constitute a violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 et seq. and entitles Plaintiff to statutory and actual damages, injunctive relief and attorney fees and costs.

22.  That this case is within the public interest.

WHEREFORE, Plaintiff requests judgment be entered in her favor against Defendant, as follows:

   A.   Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
   C.   Awarding actual damages to the Plaintiff;
   D.   Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 et seq.; and
   E.   Enter such additional relief as the Court may find to be just and proper.

Dated: May 29, 2010

KIMBERLY R. MEEKS,  PLAINTIFF,

by: s/ Pamela A. Car
     Pamela A. Car, # 18770
     William L. Reinbrecht, #20138
     Car & Reinbrecht, P.C., L.L.O.
     8720 Frederick St. # 105
     Omaha, NE 68124
     (402) 391-8484 phone
     ( 402) 391-1103 fax
     carlaw@uswest.net    e-mail
     ATTORNEYS FOR PLAINTIFF

5

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in Omaha, NE.

s/ Pamela A. Car